RECEIVED
APR 17 2008
APR 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ERIC WARE (R-32516),                )
                                    )
         V.          PLAINTIFF      )   08cv2201
                                    )   JUDGE GOTTSCHALL
COUNTY OF COOK, and                 )   MAGISTRATE JUDGE COLE
CITY OF CHICAGO,                    )
                                    )
                     DEFENDANTS     )

## COMPLAINT

Plaintiff Eric Ware for his complaint, states as follows:

### PARTIES

1. Plaintiff Eric Ware, is a prisoner in the custody of the Illinois Department of Corrections and currently resides at the Dixon Correctional Center in Dixon, Il. At all times relevant to this action, he resided in the State of Illinois.

2. Defendant County of Cook is a county in the State of Illinois. It is being sued in its individual capacity for damages.

3. Defendant City of Chicago is a city in the State of Illinois. It is being sued in its individual capacity for damages.

### JURISDICTION AND VENUE

4. This action arises under 42 U.S.C. § 1983 to redress the deprivation under color of law of rights and immunities secured by the constitution of the United States. The rights sought to be redressed are guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is also under Federal Question over this controversy under 28 U.S.C. §§ 1331, 1343, and 1367.

### STATEMENT OF FACTS

5. The Plaintiff has been falsely imprisoned by the Defendants. The Defendants have a state-wide policy which allows citizens to be prosecuted under an unconstitutional statute presently as this action is filed.

(1)

6. The Plaintiff was arrested, booked, and charged for the alleged offense of an Unlawful Use of a Weapon on June 3rd, 1995. He later pleaded guilty to the alleged offense and received two years Felony probation because the Unlawful Use of a Weapon offense was a class 4 Felony.

7. The Cook County States Attorney's Office prosecuted the Plaintiff on June 3rd, 1995, and the Chicago Police Department arrested the Plaintiff, and charged him.

8. The Plaintiff paid a $250.00 cash bond which was never returned unto him, and the Plaintiff committed a bond forfieture which resulted a warrant being issued against him August 22nd, 1995, and he was rearrested on October 23rd, 1995 and was given two years Felony probation.

9. The Plaintiff began his case by being represented by hired attorneys which he had to pay in the amount of $7,500.00 or about. The Plaintiff missed another court date and a warrant was issued on April 18th, 1997 for a Probation violation.

10. On July 19th, 1999, the Plaintiff was arrested under the said warrant and on July 20th, 1999 his Probation was terminated unsactisfactory. The Plaintiff was prevented from acquiring employment because he had a class 4 Felony in his background for an Unlawful Use of a Weapon which should have been a class A misdeamenor, and for instance, the Plaintiff worked for a temporary agency called FOOD TEAM on 55 West Monroe in Chicago Illinois, 10th floor.

11. The FOOD TEAM company sends their employees to several different companies as temporary employment, with the hopes of the employee being permanently hired. The Plaintiff worked at the Evanston hospital and the Manager, Ms. Agnus wanted to hire Plaintiff permanently but could not because the Plaintiff had a class 4 Felony in his criminal background.

12. The Plaintiff was also precluded from being hired at Banks and other financial companies because of his alleged Felony background. The Plaintiff was unable to secure a good job and financially provide for his family due to his false imprisonment.

13. The Defendants slandered, and Libeled his name through a State-wide reporting system in the State of Illinois. The Plaintiff was arrested on an unrelated offense in 1996, on July 25th, and was subjected to imprisonment in the Cook County Department of Corrections until October 11th, 1996 due to his warrant which was issued due to a violation of his Probation for the [UUW].

14. The Plaintiff was beaten by his own gang members. He later requested psychiatric assistance because he was emotionally disturbed by the beating and had to be treated by physicians for his physical injuries.

15. The Defendants arrested, and prosecuted the Plaintiff under an unconstitutional statute. The Cook County States Attorney's office and Chicago police attempted to further prosecute Plaintiff in 1999, knowing that the Illinois Supreme Court had declared Plaintiff's class 4 Felony under Public Act 88-680 unconstitutional because it violated the Illinois Single Subject Rule in People V. Cervantes in 1999.

16. The Defendant arrested Plaintiff in 2000 on unrelated charges. The Cook County States Attorney used Plaintiff class 4 Felony as an aggravating factor to have Plaintiff's bond on his First Degree Murder charge enhanced and to, have his sentence enhanced if possible.

17. The Defendants had relevant knowledge that the statute was held unconstitutional in 1999, especially the Cook County States Attorney's Office because that same office defended the statute in unrelated litigation.

18. The Plaintiff filed a Petition for a Post Judgment Relief in the Cook County Court in Bridgeview Illinois in January, 2008, and on March 28th, 2008, the trial court reversed the Plaintiff's conviction and sentence under the class 4 Felony statute for Unlawful Use of a Weapon and reversed it to a class A misdeamenor, because under the prior law, the Plaintiff could not have been imprisoned as a Felon.

19. The Plaintiff is now subjected to paying fees for having his record expunged and having it sealed and he is indigent. The Defendant, Cook County prosecuted the Plaintiff under an unconstitutional statute and the Defendant, City of Chicago, arrested the Plaintiff under the said statute and he was also processed under the Probation guidelines which were under the same act which was held unconstitutional and the Defendants are required to know what the law is.

20. The Plaintiff has suffered a substantial miscarriage of justice from 1995, August 3rd, until 2008 March 28th, due to his falsified imprisonment.

### CAUSES OF ACTION

21. Plaintiff incorporates paragraphs 1-20 as if set forth in full.

22. By Consciously subjecting Plaintiff to being imprisoned under an Act which he could not have received a Felony sentence for, the Defendants have violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

23. By prosecuting and arresting the Plaintiff under an unconstitutional Act, and him receiving two years Probation, the Plaintiff's rights under the United States Constitution under the Fourth and Fourteenth Amendments have been violated, and under 42 U.S.C. § 1983.

(4)

## RELEIF REQUESTED

THEREFORE, Plaintiff Eric Ware prays for judgment and relief:

(A) That this court exercise its Supplemental Jurisdiction under 28 U.S.C. 1367 if it finds any claims to be state claims.

(B) Damages from each Defendant in the amount of $20,000,000.

(C) Judgment that Defendants have violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983.

(D) That Defendants pay the cost of the litigation and pay for the Plaintiff's Expungement of records.

(E) Such other releif as this court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATE: 4/13/08

UNDER THE PENALTIES OF PERJURY,
28 U.S.C. EVERYTHING IS TRUE
AND CORRECT TO THE BEST OF MY
ABILITY: *[signature]*
4/13/08

RESPECTFULLY SUBMITTED:
*[signature]*
ERIC WARE R-32516
DIXON CORR. CTR.
2600 N. Brinton Ave
DIXON, ILLINOIS 61021

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | |
| ) | |
| Plaintiff-Respondent ) | |
| ) | |
| v. ) | 95CR17566 |
| ) | |
| Eric Ware, ) | |
| ) | |
| Defendant-Petitioner. ) | |
| ) | |

### ORDER

On October 25, 1995, the petitioner, Eric Ware, pleaded guilty to the offense of Unlawful Use of Weapon 720 ILCS 5/24-1 (A) (10) and was sentenced to two years of probation. At the time of the plea, this offense was a Class 4 Felony. After a violation of probation, bond forfeitures and failures to appear, the probation was terminated unsatisfactory on July 20, 1999. While incarcerated at Lawrence Correctional Center for a different offense, the petitioner filed a Petition for Post Judgment Relief under 735 ILCS 5/2-1401 alleging that his conviction was void by authority of *People v. Cervantes* (1999) 189 Ill.2d 80. *Cervantes* held that the legislation that raised the penalty for Unlawful Use of Weapon from a Class A Misdemeanor to a Class 4 Felony was void for violating the single subject rule. *Cervantes* did not void the conviction of this offense. Thus, under *People v. Vincent* (2007) 226 Ill.2d 1, this court will treat the allegation of the facts in the petition as true. However, the proper remedy is to reduce the sentence from a Class 4 Felony to a Class A Misdemeanor. *People v. Wiggins* (2000) 312 Ill.App.3d 1113; *People*

*v. Lindsey* (2001) 324 Ill.App.3d 193. Since the now completed two years probation was an authorized disposition for a Class A Misdemeanor in 1995 and because this court has inherent authority to correct the record at any time, *People v. Michael* (1961) 23 Ill.2d 338; *People v. Trygg* (1951) 409 Ill. 268; *People v. Stiger* (1979) 69 Ill.App.3d 188, this court orders the record to be corrected to indicate that petitioner was convicted of a Class A Misdemeanor only. The Clerk shall inform the Chicago Police Department Bureau of Identification of this order. The Clerk shall send a copy of this order to the petitioner.

**ENTERED:** _____

John A. Wasilewski    1538
Associate Judge of the Circuit Court of
Cook County

**DATED:** 3/28/2008

2